UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JACQUELYN WHITEHEAD, | CASE NO. 1:09CV2443 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | OPINION AND ORDER |
| OHIO REHABILITATION SERVICES COMMISSION, et al., | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #12) of Defendant, Ohio Rehabilitation Services Commission, to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(5), for lack of subject matter jurisdiction and insufficient service of process. For the following reasons, dismissal is granted on the basis of lack of subject matter jurisdiction.

**I. FACTUAL BACKGROUND**

On August 5, 2009, an administrative hearing was held upon the appeal of Plaintiff, Jacquelyn Whitehead ("Whitehead"), from the decision by the Ohio Rehabilitation Services Commission Bureau of Vocational Rehabilitation not to support her vocational goal of Nuclear Medicine Technologist. Evidence and testimony were taken by the Hearing Officer. Whitehead's counsel withdrew prior to the day of the hearing; and Whitehead chose to proceed on a *pro se* basis.

Testimony revealed that Whitehead began college classes; and attained at least basic certification as an EKG Technician. However, Whitehead testified she desired to pursue a

curriculum leading to a degree or certification as a Nuclear Medicine Technologist. Evidence, including testimony of the Bureau of Vocational Rehabilitation counselor, showed Whitehead would be unlikely to succeed in that employment goal, due to her physical limitations, and would not benefit from the training she was asking the Bureau of Vocational Rehabilitation to subsidize. Therefore, the Hearing Officer concluded the decision of the Ohio agency not to support Whitehead in her vocational goal of Nuclear Medicine Technologist was appropriate, and denied her appeal.

The decision was mailed to all parties, including Plaintiff Whitehead, on August 24, 2009. (ECF DKT #12-1). The Complaint in the instant case, appealing the administrative decision, was filed on October 20, 2009. On March 26, 2010, Defendant Ohio Rehabilitation Services Commission filed its Motion to Dismiss, arguing, in part, that this Court lacks subject matter jurisdiction due to Plaintiff Whitehead's failure to timely file her action.

## II. LAW AND ANALYSIS

**Standard of Review**

Federal District Courts are courts of limited jurisdiction. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986) (*citing Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137 (1803)). "Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power." *Crabtree v. Wal-Mart*, 2006 WL 897210 at *1 (E.D.Ky. April 4, 2006); *Richmond v. International Business Machines Corporation*, 919 F.Supp. 107 (E.D.N.Y. 1996) (citing Fed. R. Civ. P. 12(b)(1)). Want of subject matter jurisdiction may be raised at any time by the parties or by the Court on its own initiative. Fed. R. Civ. P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939). "[D]efects in subject matter

jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Curry* v. *U.S. Bulk Transport, Inc.,* 462 F.3d 536, 540 (6th Cir. 2006), *citing Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868). Furthermore, "the requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quotation and editorial marks omitted).

The burden rests upon Plaintiff to establish affirmatively that this Court possesses subject matter jurisdiction over the case or controversy. *See e.g., Thomson v. Gaiskill*, 315 U.S. 442 (1942).

As the United States Supreme Court declared in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994):

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, see *Willy v. Coastal Corp*., 503 U.S. 131, 136-137, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed.702 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of North America*, 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936).

**Federal Rehabilitation Act**

The Federal Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*, enacts a federal grant program to assist states in providing rehabilitation services to qualified individuals.  The purpose of the Act is to " *** develop and implement, through research, training, services, and the guarantee of equal opportunity, comprehensive and coordinated programs of vocational rehabilitation and independent living, for individuals with handicaps in order to maximize their employability, independence, and integration into the workplace and the community."  *See* 29 U.S.C. § 701(b).

The Ohio Rehabilitation Services Commission is the sole state agency, in Ohio, authorized and designed to provide rehabilitation services under the Act.  R.C. § 3304.17.  The Bureau of Vocational Rehabilitation is responsible for delivery of these vocational rehabilitation services to eligible clients.  Ohio Admin. Code 3304-1-01-(A).

**Civil Action under Federal Rehabilitation Act**

29 U.S.C. § 722(c)(5)(J) provides for a civil action as follows:

> (i) In general
>
> Any party aggrieved by a final decision described in subparagraph (I) [i.e., final decision of a hearing officer], may bring a civil action for review of such decision.  The action may be brought in any State court of competent jurisdiction or in a district c

to the amount in controversy.

The Federal Rehabilitation Act is silent as to the time for bringing an action in state or district court for review of a hearing officer's decision.  "The Rehabilitation Act, like many civil rights statutes, does not contain a specific limitations period."  *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 129 (4th Cir. 1994).  "In such situations, Congress has

-4-

directed the courts to select the most appropriate state statute of limitations to apply to the federal cause of action." *Id*.; *see* 42 U.S.C. § 1988(a).

Defendant urges the Court to apply the statute of limitations provided in R.C. § 119.12, for appeals from decisions of administrative agencies: "Unless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order ..." On the other hand, Plaintiff Whitehead argues the six-year limitations period under R.C. § 2305.07, used in cases alleging handicap or disability discrimination in employment, should apply as the most analogous time limitation.

Plaintiff Whitehead filed the instant Complaint on October 20, 2009, seeking review of a determination of a State of Ohio agency. The Complaint is captioned in part: "Civil Appeal From An Administrative Decision." The Hearing Officer's Decision, attached to the Complaint (ECF DKT #1-2), and referenced by Whitehead herself in her opposition brief, recites that the hearing was conducted in accordance with the provisions of R.C. § 119.09 *et seq*. Further, the Hearing Officer notes that the evidence rules are relaxed and the parties are given latitude in the presentation of evidence and testimony in proceedings governed by Chapter 119 of the Ohio Revised Code. The Court's reading of Whitehead's Complaint does not reveal any claims under an anti-discrimination statute, nor any allegations of handicap/disability discrimination in the employment context. Whitehead's prayer for damages likewise lacks any request for personal injury damages; but rather, seeks reversal of the Hearing Officer's decision, attorney's fees and costs.

The Court is tasked by Congress with selecting the most analogous statute of

limitations when the law at issue is silent on that score.  Plaintiff Whitehead's plea to adopt the six-year statute of limitations in R.C. § 2305.07 is unconvincing.  Her Complaint before this Court presents a request for administrative review pursuant to 29 U.S.C. § 722(c)(5)(J).  In the absence of controlling precedent or decisional guidance from this Circuit, the Court determines the appropriate time limit for an appeal from the decision of the Ohio Rehabilitation Services Commission's Hearing Officer is fifteen(15) days after mailing of the notice of the agency's order pursuant to R.C. § 119.12.

### III. CONCLUSION

The Hearing Officer's decision was mailed to all parties, including Plaintiff Whitehead, on August 24, 2009.  Her Complaint was filed on October 20, 2009, fifty-seven days after mailing, instead of the required fifteen days.  The Court lacks subject matter jurisdiction over the untimely-commenced action; and the matter is dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**IT IS SO ORDERED.**

**DATE: August 9, 2010**

    **S/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**